UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VOCHATZER,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW ATCHLEY, Acting Warden,[1]<br><br>Respondent. | Case No. 20-cv-00877-DMR (PR)<br><br>**ORDER OF TRANSFER** |

Petitioner, a state prisoner who is incarcerated at Salinas Valley State Prison in Monterey County, has filed this *pro se* petition for a writ of habeas corpus challenging a judgment of conviction from the Yolo County Superior Court. Dkt. 1. Petitioner has consented to magistrate judge jurisdiction in this action, which has been assigned to the undersigned Magistrate Judge. Dkts. 2, 3. Petitioner has paid the full filing fee. *See* Dkt. 1.

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a State which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id.* Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See*

---

[1] Matthew Atchley, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Here, Petitioner challenges a conviction and sentence incurred in the Yolo County Superior Court, which is within the venue of the Eastern District of California. *See* 28 U.S.C. § 84. Because Petitioner is challenging his conviction and sentence, venue for the instant habeas action is proper in the district of conviction. 28 U.S.C. § 2241(d).

Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice, this action is TRANSFERRED to the United States District Court for the Eastern District of California.[2] The Clerk of the Court shall transfer the case forthwith.

IT IS SO ORDERED.

Dated: June 8, 2020

DONNA M. RYU
United States Magistrate Judge

---

[2] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).